# Wytheville.

## Wilkie v. Richmond Traction Company.

### June 14, 1906.

Absent, Caldwell, J.

1. STREET RAILWAYS—*Negligence—Persons on Track—Lookout—Instructions.*—It is the duty of the servants of a street car company, in the exercise of ordinary care, to keep a proper lookout to avoid doing injury to persons while upon its tracks, and if, notwithstanding the fact that such care has been used, the presence of a person on the track is not observed, and he is injured by a car of the company, the company is not liable, and it is misleading and erroneous to go further and tell the jury that "if the agents of the company in the exercise of proper outlook and care failed to observe his persistency in remaining on the track, and did not then exercise all reasonable care to avoid accident, the defendant is liable in damages for the injury thus sustained."

2. STREET RAILWAYS—*Person on Track—Contributory Negligence—Instructions as to Ordinary Care.*—It is the duty of one walking on a street railway to exercise ordinary care and caution for his own protection, and if he fails to exercise the ordinary care and caution which are to be expected of him at the time and place when and where he is injured, he is not entitled to recover, and it is erroneous and misleading to instruct the jury that he is entitled to recover unless there was a greater want of ordinary care and caution on his part than was reasonably to be expected of him under all the circumstances.

3. STREET RAILWAYS—*Lights—Contradictory Evidence.*—Where the negligence charged against a street railway company is the failure to furnish needed lights on the car which inflicted the injury, the positive statement of a witness for the defendant company that the headlight on the car was burning, and of a witness for the plaintiff that the lights within the car were burning, but that he did not look to see about the headlight, is not so far contradicted by the

evidence of the plaintiff, who stated that he looked and saw no lights, as would warrant a jury in finding a verdict for the plaintiff on the ground that there was a failure of proper care to furnish needed lights.

4. EVIEDNCE—*Order of Introduction—Ruling of Trial Court.*—The refusal of the trial court to allow further evidence in chief to be introduced after the evidence on both sides has been closed, will not be reviewed by this court when no reason is shown for not having introduced it at the proper time.

Error to a judgment of the Circuit Court of Henrico county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

*Hill Montague, Jno. Garland Pollard* and *W. R. Meredith,* for the plaintiff in error.

*H. Taylor, Jr.,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Plaintiff in error sued the Richmond Traction Company in the Circuit Court of Henrico county to recover damages for personal injuries received by him. The case was twice tried.

At the first trial certain instructions were given by the court, as follows:

"V. The court instructs the jury that if they believe from the evidence that at the point at which plaintiff sustained the injury sued for on the tracks of the defendant company on Q street, it was the custom and habit of persons generally traveling on said street to walk upon and on the said tracks and that the said defendant company knew of this habit and custom, then they are instructed that the defendant company was charged with notice

of the fact that its tracks were so used, and it became and was their duty to exercise reasonable care to discover and protect persons so using their tracks.

"But this instruction is to be qualified thus: The defendant had a right to presume that any person walking upon its tracks in front of a moving car would exercise all reasonable care by looking and listening to observe approaching cars and remove himself if he had opportunity in time to avoid an accident; but if the agents of the company, in exercise of proper outlook and care, failed to observe his persistency in remaining on the track and did not then exercise all reasonable care to avoid accident, defendant is liable in damages for injury thus sustained."

We think that this instruction, taken as a whole, is not only misleading but erroneous. The company owed it to the plaintiff in error, in the exercise of reasonable care, to keep a proper lookout to avoid doing him an injury while upon its tracks; but the qualification to instruction "V" is predicated upon the theory that defendant in error did keep a proper lookout, and if it did so it had fulfilled its duty, and if, having exercised this proper care and discharged that duty, it failed to observe his presence upon the track, it was not under any liability to him for the injury which he sustained; and having kept a proper lookout, and failing, notwithstanding its vigilance, to observe his presence it, of course, could not exercise care in any degree to avoid the accident. In other words, the instruction states that "if the agents of the company, in exercise of proper outlook and care, failed to observe his persistency in remaining on the track, and did not then exercise all reasonable care to avoid accident, defendant is liable in damages for injury thus occasioned;" but if the company exercised proper care, it had discharged the duty which, under the law, it owed to the plaintiff in error, and

having discharge its duty we do not perceive upon what principle it can be held responsible, although the presence of plaintiff in error upon the track was not observed, and the obligation to exercise reasonable care to avoid injury to plaintiff in error after discovering his dangerous situation did not arise, because by the very terms of the instruction the agents of the company, though keeping a proper outlook, failed to observe his persistency in remaining on the track.

By instruction "W" the jury were told "that the burden of proof is upon the plaintiff to establish the negligence of the defendant, and unless the evidence be sufficient to establish such negligence, they should find for the defendant; but in determining the question of negligence in this cause, they should take into consideration the situation and conduct of both parties at the time of the alleged injury, so far as it may be disclosed by the evidence, and if they believe from the evidence that the injury complained of was caused by the negligence of the defendant company's servants, and without any greater want of ordinary care and caution on the part of the plaintiff than was reasonably to be expected of him under all the circumstances, then the plaintiff is entitled to recover."

It is not clear to us what this instruction means. It was the duty of the plaintiff to exercise reasonable care and caution for his own protection, but in this instruction the jury were told that, unless there was a greater want of ordinary care and caution on the part of the plaintiff than was reasonably to be expected of him under all the circumstances, he was entitled to recover. It was the duty of the plaintiff to exercise ordinary care and caution for his own protection. What degree of care and caution was to be exercised in a particular case would depend upon the surrounding facts and circumstances existing at the time of the accident. But if the plaintiff failed to

exercise the ordinary care and caution which were to be expected of him at the time and place when and where he was injured, and that want of care contributed to his injury, he was not entitled to recover, and it was erroneous and misleading to instruct the jury that the plaintiff was entitled to recover unless there was a greater want of ordinary care and caution on his part than was reasonably to be expected of him under all the circumstances.

To the giving of these instructions the defendant excepted, and, a verdict having been rendered in favor of the plaintiff, moved to set aside the verdict as contrary to the law and the evidence, and because the jury had been misdirected. The court set aside the verdict, and upon a subsequent trial the defendant demurred to the evidence, and judgment was rendered in its favor. From the judgment of the court setting aside the verdict of the jury rendered upon the first trial, and from the judgment of the court upon the second trial, plaintiff in the court below obtained a writ of error to this court.

The first question to be considered is as to the propriety of setting aside the first verdict.

Without discussing the evidence then adduced, it is sufficient to say that the court was right in setting aside the verdict upon the ground that it had misdirected the jury.

Coming to the second trial: The plaintiff was put upon the stand to narrate the circumstances attending the injury which he received. From his testimony, it appears that the night of the accident was very dark; that it had been raining, and the roads were muddy; that he was walking along the left-hand track of the defendant company just beyond the limits of the city of Richmond, and where the railroad tracks occupied a part of the public road in Henrico county; that, looking up, he saw a car approaching, going west, upon the track upon

which he was walking.    In order to avoid it, he stepped to the
right upon the other track, and, looking back, he neither saw
nor heard anything to warn him of an approaching car.    That
he went a few steps, and was struck from behind by a car going
east, receiving the injury for which he sued.    The evidence
for plaintiff further tends to prove that the condition of the
roadway at and near the point of the accident was very bad;
that it had been raining, and the ditches on either side were
filled with water, and that the car track was about the only
place to walk, it being very rough and muddy on the outside,
and it was the general habit and custom of people using the road
at the point of accident to walk on the roadbed.

The evidence for the defendant which we deem it material
to consider is given by the motorman of the car moving west, to
avoid which plaintiff in error stepped from the track upon
which he was walking to that upon which he was injured.    This
motorman testifies that he stopped his car just as the rear of it
cleared the rear of the car which caused the accident.    He says
that the headlight upon the car going east was burning; of that
he was positive.    The only witness introduced by plaintiff in
error, except himself, testifies that the electric lights within
the car were burning, but that he was unable to say whether
there was a headlight or not, as he did not go around in front
of the car.

Upon this point, then, we have the positive evidence of the
motorman, introduced by the defendant, and that of a disin-
terested witness, introduced by the plaintiff, one of whom states
that there was a headlight, and the other of whom states that
the lights within the car were burning, as against the statement
of plaintiff that he looked and saw no lights.    We do not think
this establishes such a contradiction in the testimony, or is such
positive proof of failure of proper care to furnish needed lights

on the part of the railroad company as would warrant a jury in finding a verdict against it upon that ground.

When the defendant in error had closed its testimony, plaintiff in error offered witnesses to prove certain facts tending to show negligence on the part of the defendant company.   Objection was made to the introduction of these witnesses; that they should have been called to testify in chief, but the evidence for both plaintiff and defendant having been closed, any further testimony on behalf of plaintiff should be confined to a rebuttal of that which had ben introduced by the defendant.

No reason is shown for not having introduced the witnesses to testify in chief.   It is not said that they were absent, or sick, nor that there was any surprise, accident, or mistake, nor any reason whatever given why their introduction as witnesses was delayed.

The trial court refused to permit these witnesses to testify, except by way of rebuttal.   The plaintiff in error took a bill of exception to this ruling, but, under the circumstances, we are unable to see that the Circuit Court committed any error in this respect, and its judgment is affirmed.

*Affirmed.*