Richmond.

MARTIN V. MARTIN.

November 16, 1911.

1. PARTITION—*Verbal Agreement to Own Land Jointly—Specific Per-formance.*—Partition is the division between two or more persons of lands which they jointly own as coparceners, joint tenants, or tenants in common, and if the complainant in a partition suit seeks, not only to have partition of land owned jointly by him and the defendant, but also to set up a verbal contract with the defendant, by which it was agreed that another tract for which the defendant had paid and to which he held the title, should be treated as their joint property, and to have partition of this also, then as to the latter he must establish such a state of facts as will entitle him to a specific performance of the verbal contract.

2. PARTITION—*Agreements to Make—When Enforceable.*—Agreements to make partition can only be enforced in equity where a similar agreement to convey land could be enforced.

3. SPECIFIC PERFORMANCE—*Parol Contract to Sell Land—When Enforceable.*—In order to justify a court of equity in the enforcement of a parol contract for the sale of land on the ground of part performance, the contract must be certain and definite in its terms, the acts of part performance relied on must refer to, result from, or be made in pursuance of the contract proved, and the contract must have been so far executed that a refusal of full execution would operate a fraud upon the party and place him in a situation which does not lie in compensation. The case in judgment falls far short of these requirements.

Appeal from a decree of the Circuit Court of Roanoke county. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*A. E. King,* for the appellant.

*Horace M. Fox* and *Hall, Woods & Jackson,* for the appellee.

KEITH, P., delivered the opinion of the court.

Arabia Martin died in 1894, leaving eleven children. Among them were Lewis J. Martin and Thomas H. Martin, the parties to this litigation. Thomas H. Martin had spent four years of his life in the West, where he had saved some money, and upon his return to his home in Roanoke county he purchased sixty acres of land adjoining his father's farm, for which he paid the sum of $1,000. The land was bought, paid for and the deed executed to him before his father died. Arabia Martin, at the time of his death, was the owner of a farm containing about two hundred and four acres, and Lewis and Thomas Martin agreed to purchase the interest of their brothers and sisters in the lands of their father. In execution of this arrangement they succeeded in purchasing all of their father's real estate except the interest of two of their sisters, paying for the interests thus purchased the sum of $2,750. This money was obtained from sale of crops raised on the lands purchased by them together with the crops raised on the sixty acres of land belonging to Thomas H. Martin.

During the progress of these transactions, Thomas and Lewis Martin lived together, and the proceeds of the crops, after deducting their living expenses, were used in paying for the land which they had jointly bought. From time to time temporary loans were negotiated to make payments as they fell due. Some of them were secured by deed of trust on the land jointly owned by Thomas and Lewis Martin, and some upon the individual land of Thomas Martin; but all were paid from the proceeds of the crops, and no money from any other source was used in making pay-

ments for the land. Thomas and Lewis Martin lived to-
gether in the same house until the latter part of April,
1908. About that time they undertook to partition the land
which they had bought, and a disagreement arose between
them which resulted in Lewis Martin bringing a suit for
partition. In it he states that it was agreed between him
and Thomas Martin that they would together purchase
such interest of their co-heirs as they could, and as a part
of the consideration inducing the complainant, Lewis Mar-
tin, to enter into this agreement and furnish certain
moneys, the sixty acre tract of land which was theretofore
purchased by and deeded to Thomas Martin should be con-
sidered as a part of the land to be enjoyed jointly and held
by them, together with such lands as they had inherited
from their father, Arabia Martin, and such as they might
be able to purchase as aforesaid; that pursuant to this
agreement complainant and Thomas H. Martin did make
the aforesaid purchases, the complainant furnishing the
money that he had agreed to furnish; and that they did
thereafter hold and enjoy the lands thus purchased, and as
a result of these proceedings the complainant and Thomas
Martin were seized and possessed each of a one-half undi-
vided interest in and to the sixty acre tract as well as the
interest of their father's estate which they had inherited or
had acquired by purchase from their co-heirs. The bill fur-
ther avers that there was a partition agreed upon between
the complainant and his brother, Thomas, by which all of
their lands, including the sixty acres, were divided and that
the two brothers, Lewis and Thomas, had entered upon,
used, cultivated and enjoyed the parcels so allotted to each of
them, Thomas Martin making numerous and valuable im-
provements upon the share allotted to him.

Thomas Martin answered the bill and denied all the ma-
terial allegations. Proof was taken, and the circuit court
decreed that the "contract of partition heretofore made

between Thomas H. Martin and Lewis J. Martin, as set out and alleged in said bill, be enforced by the conveyance as hereinafter provided, to the said Lewis J. Martin, of the following described property, to-wit," and from that decree Thomas Martin appealed.

This case presents something more than a bill for the partition of lands. As is set forth in the petition for an appeal, "Partition is the division between two or more persons of lands which they jointly own as coparceners, joint tenants or tenants in common," and before the sixty acre tract which was purchased by Thomas Martin before his father's death, for which he paid, and to which he held title, can be brought into the partition suit along with the lands jointly owned by Thomas and Lewis Martin as purchasers from their brothers and sisters, a state of facts must be established which will entitle Lewis Martin to a specific performance of the verbal contract between him and Thomas Martin, that the sixty acre tract should be considered as belonging jointly to Thomas and Lewis Martin.

"Agreements to make partition can only be enforced in equity where a similar agreement to convey land could be enforced." 1 Minor on Real Property, sec. 901.

Under the statute of frauds, section 2840 of the Code, no action shall be brought upon a contract for the sale of real estate unless some memorandum or note thereof be in writing and signed by the party to be charged thereby or his agent.

No such memorandum or note appears in this record, and none in fact existed. To maintain the decree of the circuit court, therefore, the case must be brought within the influence of *Wright* v. *Puckett,* 22 Gratt. 370; *Plunkett* v. *Bryant,* 101 Va. 818, 45 S. E. 742, and *Reed* v. *Reed,* 108 Va. 790, 62 S. E. 792. Those cases are to the effect, that "in order to justify a court of equity in the enforcement of a parol contract for the sale of land on the ground of part

performance, the contract must be certain and definite in its terms, the acts of part performance relied on must refer to, result from, or be made in pursuance of the contract proved, and the contract must have been so far executed that a refusal of full execution would operate a fraud upon the party and place him in a situation which does not lie in compensation."

Let it be admitted that such a contract is averred in the bill as should be specifically executed if maintained by proof. We are clearly of opinion that the proof falls far short of that which is required by a court of equity for the enforcement of a parol contract for the sale of land. The only acts of performance upon the part of the plaintiff were the furnishing of his share of the money for the purchase of the interests of his coparceners, the cultivation of the land and the raising of crops, the proceeds of which were devoted, first, to his own support and that of his brother; and the surplus constituted the source of payment of the purchase price of the land.

It must be observed that Thomas Martin is making no objection to the partition of the shares purchased by him jointly with Lewis Martin from their brothers and sisters. Those purchases were the act of Lewis as well as of Thomas. Thomas and Lewis agreed with their vendors upon what the interests purchased were fairly worth, and those interests have been paid for out of crops raised by their joint labor, belonging to them jointly, and that joint interest must be taken to compensate the joint purchasers for their outlay, and Lewis and Thomas must be considered to have had a sufficient *quid pro quo* for what each of them has paid. If, in addition to an equal share with Thomas in the land jointly purchased, Lewis is to be held entitled to one-half of the sixty acre tract bought and paid for by Thomas, and which is shown to be worth about $2,500, then the result would be that Lewis would be the owner of at least

twice as much land in value as would fall to the share of his brother. If that were the result of a bargain fairly made, between people of sound mind and capable of contracting, and proved to the satisfaction of the court, there would be no choice but to enforce it; but the appellee is before the court asking the enforcement of what is substantially a verbal contract to convey land. To bring it within the influence of the equitable principle of part performance, he must show such a state of facts that a refusal of a full execution would be a fraud upon him and place him in a situation which does not lie in compensation. In this the proof that he adduces wholly fails. There is no hardship upon him in refusing to enforce performance of the contract, for without reference to the interest which he claims in the sixty acre tract, he had received a full equivalent for the labor performed and the money expended by him.

We are, for these reasons, of opinion that the decree of the circuit court should be reversed and the cause remanded to the circuit court, with direction to exclude from the partition the sixty acre tract, the title to which is in Thomas Martin, and, as to the other lands mentioned in the bill and proceedings, to make partition of them between the plaintiff and the defendant.

*Reversed.*