# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡

## SMITH v. ALDERSON AND OTHERS.

### November 12, 1914.

1. JOINT PURCHASERS—*Presumption of Equality of Ownership.*—Where there is a joint purchase of land by two to whom it is conveyed, in the absence of proof to the contrary, they are entitled to the land in equal proportions.

2. JOINT PURCHASER—*Unequal Ownership—Parol Evidence—Specific Performance—Proof Required.*—Where land has been conveyed to two persons jointly, one of them may show by parol evidence that he was to have two-thirds of it and the other party one-third, that they so laid off the land and each entered into possession of his share, and a court of equity will enforce the agreement, but in all such cases the contract must be certain and definite in its terms, the acts of part performance relied on must refer to, result from, or be made in pursuance of the contract proved, and the contract must have been so far executed that a refusal of full execution would operate a fraud upon the party and place him in a situation which does not lie in compensation; and of all these facts the proof must be clear and convincing.

3. JOINT PURCHASERS—*Unequal Payments—Burden of Proof—Lien for Excess.*—If one of two joint purchasers of land has paid more than his share of the purchase-money, he will be subrogated to the lien, if any, of his vendor to the extent of his overpayment, but the burden is on him to show that he has paid more than his share, and to what extent.·

4. WITNESSES—*Competency—Survivor of a Transaction.*—Upon the death of one of two joint purchasers of land, the survivor is an incompetent witness in his own behalf to show that the land was to be unevenly divided between them, unless he can bring himself within some exception fixed by the statute.

Appeal from a decree of the Circuit Court of Russell county. Decree for the complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Sutherland & Sutherland,* for the appellant.

*Finney & Wilson,* for the appellees.

Keith, P., delivered the opinion of the court.

This controversy originated in a bill filed by Mrs. M. I. Alderson and others for the partition of a tract of land, from which it appears that by deed dated the 20th of January, 1906, T. J. Davis and wife conveyed to W. R. Smith and his mother, Jane Smith, fifty-nine acres of land, in consideration of the sum of $3,000, $1,500 to be paid in cash, and the residue in three equal annual installments, with interest from date. Mrs. Smith, one of the grantees. subsequently died, and the plaintiffs are her children and heirs at law, and William R. Smith, one of the defendants, is her son, joint owner of the land with his mother, and also one of her heirs.

The bill admits that William R. Smith is the owner under the deed from Davis of one-half, and that he has purchased from Joseph Smith, one of the six children of Jane Smith, a one-sixth share in her half, and that William R. Smith, therefore, is entitled to one-half and one-sixth part of the remaining half, and the prayer is that the residue be allotted in kind to the plaintiffs in accordance with their interest, or if it cannot be partitioned that it be sold and the proceeds divided among the parties.

William R. Smith answered this bill, and denies that he and his mother took equal moieties in the land, but on the contrary insists that he was to have two-thirds and his mother one-third of the tract of fifty-nine acres, and claims that of the cash payment of $1,500 he paid

$750 with his own means, and advanced to his mother
$475 in order to make her payment of $750, or one-half
of the cash payment; that of the $475 loaned to her, she
repaid all but $298.85, for which she executed her bond
with her husband, John Smith, as surety, dated October
31, 1905; and that upon this bond there was afterwards
paid $150, leaving about $150 of the original amount
advanced to her still due; that pursuant to the original
agreement respondent and his mother, Jane Smith, after-
wards took possession of said tract of land and divided
it, designating the boundaries of each portion by fence,
his mother taking one-third and the respondent two-
thirds; and that each owned, occupied and possessed the
portions so allotted until his mother's death, and after
her death her husband lived on, occupied and possessed
the one-third allotted to her until his death.  Smith in
his answer further claims that he paid all the residue of
the purchase money, the three $500 notes, and that after
his mother's death, on the 4th day of October, 1907, the
children and heirs at law recognized by writing made,
signed, sealed and delivered, the partition theretofore
had between the respondent and his mother, and further
agreed that as John Smith, the husband of Jane, had
paid $160 of the original price and as there was $250 due
the respondent to make Jane Smith's one-third of the
purchase price, the said John Smith should have land at
the original purchase price to the amount of $160 already
paid, and on his assuming payment of the other $250 he
was to have a like amount of land in fee out of the por-
tion that was conveyed or allotted to his wife, Jane
Smith.  The answer further alleges that the respondent
purchased and received of his co-defendant, Joseph
Smith, his interest in the land of which his mother died
seized and possessed, and with respect to this there
seems to be no dispute.  The defendant further makes

demand for the taxes paid upon the land and other small sums for fees for the recordation of deeds, etc.

The case was referred to a commisioner, who made a report and returned the evidence upon which it was founded, in which he ascertains that the total amount paid by William R. Smith for Jane Smith was $1,254.79. Exceptions were taken by both plaintiffs and defendants, and the court being of opinion that the debt due to William R. Smith by Jane Smith should be credited with $400 as of November 1, 1905, Jane Smith having paid $1,150 on the first payment on said land, and that said indebtedness of Jane Smith to William R. Smith should be further credited by the sum of $147, as of the 1st of January, 1909; the court being of opinion that John Smith paid this amount on said land for Jane Smith, and that these two payments should be deducted from such indebtedness of $1,254.79, entered a decree to this effect and in all other respects confirmed and approved the report of Commissioner Kidd.

In *Jarrett* v. *Johnson,* 11 Gratt. (52 Va.) 327, it was held, that "Where there is a joint purchase of land by two, to whom it is conveyed, and who give their bond for the purchase money, in the absence of proof of any agreement between them to the contrary, they are entitled to the land in equal proportions;" that "one of the purchasers having previously made a conditional contract for the purchase of the land, agreed in writing with the other, that if the contract was completed this other should have a specified part of the land, but the contract was not completed, this agreement between the purchasers was then at an end, and cannot affect their rights under their joint purchase;" that "in such case of a joint pucrhase, parol evidence is not admissible to prove an agreement between them for an unequal division of the land."

Upon the authority of that case it would seem that by the deed from Davis and wife to William R. Smith and Jane Smith, his mother, they took equal moieties. It is true that if a contract had been entered into between Jane Smith and William R. Smith, although by parol, by which they had agreed that William R. Smith was to have two-thirds and Jane Smith one-third of the tract, and under that agreement possession had been taken of their respective shares, and such acts done that it would have amounted to a fraud upon the rights of William R. Smith if the contract should not be specifically executed, he would be protected in a court of equity, but, as was said in *Martin* v. *Martin,* 112 Va. 731, 72 S. E. 680, agreements to make partition can only be enforced in equity where a similar agreement to convey land would be enforced, citing the cases of *Wright* v. *Puckett,* 22 Gratt. (63 Va.) 370; *Plunkett* v. *Bryant,* 101 Va. 818, 45 S. E. 742, and *Reed* v. *Reed,* 108 Va. 790, 62 S. E. 792; which establish that in all such cases the contract must be certain and definite in its terms, the acts of part performance relied on must refer to, result from, or be made in pursuance of the contract proved, and the contract must have been so far executed that a refusal of full execution would operate a fraud upon the party and place him in a situation which does not lie in compensation; and of all these facts the proof must be clear and convincing.

The decree of the circuit court is always entitled to respect, and there is always a presumption in favor of its correctness. We cannot say upon the proof in this case, which is contradictory and by no means convincing, that the circuit court committed any error in deciding that the grantees in the deed from Davis and wife took equal moieties.

With respect to the payments upon the land, if it had been established by the evidence that William R. Smith

made all of the payments for which he contends, he would to the extent that he had made overpayments be subrogated to the lien reserved in the deed of Davis and wife; but we are unable to say from the evidence that the circuit court has erred in ascertaining the amount paid by William R. Smith. The burden was upon him to show that he had paid more than his share, and to what extent, and upon the evidence adduced in the record we cannot say that there is error in the decree of the circuit court.

It is proper to say, further, that we are of opinion that William R. Smith was an incompetent witness in his own behalf, his mother, a party in adverse interest to him, being dead.

We are, for these reasons, of opinion that the decree of the circuit court must be affirmed.

*Affirmed.*