# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

ARTHUR PRICE AND ALICE MERRICK v. W. H. SIMPSON.

March 13, 1944.

Record No. 2739.

Present, All the Justices.

The opinion states the case.

*Alvin T. Embrey*, for the appellants.

No appearance for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This is a partition suit in equity, instituted by W. H. Simpson against Arthur Price and Alice Merrick.

The bill of complaint alleges:

That Dwight L. Howland, of King George county, Virginia, departed this life on or about the 5th day of November, 1941, intestate, seized and possessed of a certain tract or parcel of land in Shiloh district, King George county, Virginia, containing an area of one hundred and eleven acres more or less;

That the said Dwight L. Howland left the following heirs at law, who were the only parties interested in his said estate at the time of his death, namely, Niven M. Howland, a brother; Nannie J. Price, a sister; three children of a deceased brother, Clinton R. Price, namely, Wilkins Price, Arthur Price and Alice Merrick; five children of another deceased brother, Henry Howland, namely, Calvin H. Howland, Robert F. Howland, Virginia H. McEachern, Louise Howland Chappel and Bessie Howland Rettew, all of whom are over the age of twenty-one years;

That by deed dated June 14, 1942, all of the heirs of Dwight L. Howland, deceased, excepting Arthur Price and

Alice Merrick, conveyed to the complainant their right, title and interest in and to the said one hundred and eleven acres of land without reservation;

That this tract of land is not susceptible of partition in kind between complainant and the other two parties in interest, the defendants named above, without great dimunition in value, and that complainant has made all possible *bona fide* but ineffectual efforts to purchase the interest of the said parties, but in vain, since no price can be agreed upon, and neither of the parties is willing to take the whole of the said tract of land and pay to the others the price demanded;

That the interests of all of the parties will be enhanced by a sale of the whole tract of land, the payment of the costs as the law directs, and a distribution of the proceeds of such sale amongst the said parties as their interests may appear;

That the interest of no party will be promoted by a sale of a portion of the tract and an allotment of the balance thereof, but rather the interests of all of the parties will be prejudiced thereby; and

That complainant is entitled to and desires to have a partition of the said lands under some method provided by law, preferably a sale of the whole thereof and a partition of the proceeds of such sale amongst the parties entitled to receive same.

To this bill of complaint the defendants, Price and Merrick, filed a joint and separate plea in which it is alleged that Dwight L. Howland died intestate, leaving three separate parcels or tracts of land; that two of said tracts consisting of 35 acres and 40 acres respectively are several miles distant from the 111-acre tract; that there has been no partition of any of the real estate and all said real estate is owned jointly by the heirs of Howland; that by reason of this joint ownership, they are entitled to have a partition of the whole of the real estate and not merely a partition of the 111 acre tract; and that the conveyance to Simpson, if legal, only transferred to him such rights as all the heirs may have had as a unit in the real estate inherited by them.

Upon motion of complainant, the plea was rejected. This action of the chancellor is assigned as error.

The basic contention of the defendants is, that where a decedent dies intestate, leaving several tracts or parcels of land susceptible of partition among his heirs at law, it is essential that all original parties in interest and their alienees, if any, be convened in the suit and that all the real estate so left by the decedent be included in the suit for partition.

█ Since our decision in *Phillips* v. *Wells*, 147 Va. 1030, 133 S. E. 581, construing section 5279 of the Code, it has been the settled rule that: "A partition proceeding is entirely statutory and finds its authority in section 5279 of the Virginia Code. * * * "

Section 5279 of the Code reads as follows:

"Tenants in common, joint tenants, and co-parceners shall be compellable to make partition; and a lien creditor or any owner of undivided estate in real estate may also compel partition for the purpose of subjecting the estate of his debtor or the rents and profits thereof to the satisfaction of his lien. Any court having general equity jurisdiction of the county or corporation wherein the estate, or any part thereof, is, shall have jurisdiction in cases of partition, and in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise in any proceedings, between such tenants in common, joint tenants, co-parceners and lien creditors."

█ Upon the death of Dwight L. Howland, his heirs inherited the real estate as co-parceners, an estate which is created where lands of inheritance descend from a decedent to two or more persons as joint heirs. When all of the heirs of D. L. Howland, except the defendants, executed the deed of conveyance to Simpson, he became a tenant in common with the defendants in the 111-acre tract of land.

█ "A tenancy in common is where two or more hold the same land, with interests accruing under different titles; or accruing under the same title, but at different periods; or conferred by words of limitation importing that the grantees

are to take in distinct shares." 2 Minor on Real Property, (2d. Ed.), section 859.

Complainant, being a tenant in common with defendants, had the right conferred by statute to compel the partition of the 111-acre tract of land in order that he might enjoy the fruits of his purchase. The question then arises, was complainant compelled to implead all the heirs of Howland and to include all the real estate, in the suit instituted by him?

While it is true that section 5279 of the Code defines the procedure to be followed in a suit for partition, there is no inhibition in the statute restricting the powers of a court of equity to do all that is necessary to be done in order that complete relief may be afforded the parties.

In *Hinton* v. *Bland,* 81 Va. 593, Judge Lewis quotes with approval this language:

"In all cases of partition a court of equity does not act merely in a ministerial character, and in obedience to the call of the parties, who have a right to the partition; but it founds itself upon its general jurisdiction as a court of equity, and administers its relief *ex aequo et bono,* according to its own notions of general justice and equity between the parties. It will, therefore, by its decree, adjust all the equitable rights of the parties interested in the estate, * * ."

It may be conceded that in a suit for partition instituted by a co-parcener, a joint tenant, or a tenant in common, the weight of authority is to the effect that all the lands of the original co-tenancy should be included. See 40 Am. Jur., Partition, par. 32.

This rule does not prevail in Virginia. In the exercise of its equity jurisdiction, a court of chancery is empowered, in the exercise of a sound discretion, to take cognizance of all questions of law affecting the legal title that may be presented; it may allot the whole to any party who will take it and pay in money their respective shares to the others; it may sell the whole and divide the proceeds, or it may sell a part and divide the rest. 4 Minor's Institutes, (2d. Ed.), page 1347.

██ This, in effect, abrogates the common law rule that the shares should be allotted in severalty, and substitutes the more modern rule that "the court is clothed with ample power to resort to the most advantageous devices which the nature of the case may admit * * * ." *Id.*, p. 1348.

This conclusion is fortified by our decision in *Frazier* v. *Frazier*, 26 Gratt. (67 Va.) 500. In the opinion, these facts appear:

"The object of the bill is to impeach and set aside a decree of the Circuit Court of Bath County, pronounced on the 15th day of May, 1863, in the suit of *John S. Randolph and Wm. Frazier* v. *Porter & wife & others*. The record in that case discloses the following facts: Randolph and William Frazier and John W. Frazier were joint tenants of two tracts of land, one lying in Bath county, known as Bath Alum Springs, and the other lying in Rockbridge county, known as the Rockbridge Alum Springs. In both these tracts Randolph and William Frazier owned one undivided moiety, and John W. Frazier the other. During his joint tenancy John W. Frazier died, leaving as his sole heir at law the appellant, James A. Frazier, who inherited from his father the two moieties in said tract of land subject to the dower of his mother. Mrs. Frazier subsequently intermarried with Stephen A. Porter, who qualified as the guardian of her son, James A. Frazier.

"In February, 1863, Randolph and Frazier being desirous to have partition of the 'Bath Alum' property, and satisfied that it could not be divided in kind, (Stephen A. Porter being of the same opinion,) a contract of sale was entered into between William Frazier, 'acting for himself, his partner, Randolph, and for and on behalf of Steven A. Porter, guardian of James A. Frazier,' of the one part, and Joseph Baxter of the other part, by which contract it was agreed to sell to the said Joseph Baxter the property known as the 'Bath Alum Springs,' with the household and kitchen furniture, (excepting the furniture of two rooms,) for the sum of thirty thousand dollars in Confederate States 8 per cent. bonds."

Precisely the same contention was made in that case as is made in the case at bar, viz., that the parties to the suit were tenants in common and were entitled to a partition of the whole estate. In answer to that contention, the court said:

"It is sufficient in answer to the objection, to note the fact, that these two properties are not only entirely separate, lying more than twenty miles apart, but are situated in different counties, one being in the county of Bath, and one in the county of Rockbridge. The latter was valuable and remunerative as 'spring's property;' the other was never a successful enterprise; was occupied at the time the decree of sale was entered as a hospital, liable to be destroyed on that account by raiding parties of the Federal army, and rapidly falling into ruin and decay. Reasons which applied with full force to sell the one piece of property, had no application to the other. The parties in interest could not be compelled to sacrifice their interest in the 'Rockbridge Alum' property lying in a different county and a different jurisdiction, in order to make a sale of the 'Bath Alum' property, which, by common consent, it was necessary to sell for partition."

While the facts are different, the controlling principle is the same.

The decree of the circuit court will be affirmed without prejudice to any rights the defendants may have in the partition of the land involved.

*Affirmed.*