## Norfolk

MARJORIE MARTIN MORRIS

v.

HARRY ARTHUR MORRIS, JR.

No. 0606-85

HARRY ARTHUR MORRIS, JR.

v.

MARJORIE MARTIN MORRIS

No. 0637-85

Decided October 21, 1986

COUNSEL

Diane L. Abdelnour (Smith and Abdelnour, on brief), for Marjorie Martin Morris.

D. Wayne Moore (Moore and Moore, on brief), for Harry Arthur Morris, Jr.

OPINION

**BARROW, J.** — Both Marjorie Martin Morris (wife) and Harry Arthur Morris, Jr. (husband) appeal this divorce case. Wife complains that the marital property was not properly determined and that the court improperly ordered the transfer of jointly owned property to husband. Husband claims the court erred in awarding spousal support to wife and, in the alternative, in awarding an excessive amount of spousal support. The trial court was correct in all of its rulings except the order requiring the transfer of jointly owned property to the husband. For this reason, we reverse the judgment and remand the case for further proceedings.

Four properties were the subject of controversy in determining a monetary award. These were the marital residence, husband's office building, husband's law practice and a fifteen acre parcel of land. The trial court placed a value on each item except the law practice, the value of which was never proved, and determined that the properties, with the exception of the law practice, were marital property. The trial court awarded wife a $70,000 monetary award conditioned upon wife conveying the marital home and

office building to husband and also awarded her spousal support in the amount of $850 a month.

Before addressing the issues raised by the parties on appeal we must dispose of a procedural concern which they did not raise. The trial court reserved in its decree of divorce certain collateral issues which it disposed of in a subsequent decree. On April 3, 1984, the decree of divorce was entered granting the husband a divorce on the ground of a one-year separation. This decree also made the monetary award described previously but reserved decision on attorney's fees, spousal support and custody for a later determination. On April 18, 1984, within twenty-one days after the decree of divorce, the court on the wife's motion vacated its decision "as to property rights, equitable distribution and partition" and reserved "its jurisdiction and authority" to dispose of these matters along with spousal and child support, child custody, visitation rights and attorney's fees. On April 15, 1985, the trial court entered an order disposing of those issues it had reserved for a later determination. The monetary award in the second decree was identical to that provided for in the first decree.

■ This court has previously held that a trial court has the power to reserve in a decree of divorce the authority to make a monetary award under Code § 20-107.3. *Parra v. Parra*, 1 Va. App. 118, 127, 336 S.E.2d 157, 162 (1985). This holding is consistent with the long held principle that a court of chancery need not fully exercise its power at one time but may adapt its relief to the circumstances of a particular case. *Brinn v. Brinn*, 147 Va. 277, 285, 137 S.E. 503, 505 (1927). The trial court's decision was also consistent with its authority to reserve consideration of support questions beyond the time of the final decree. *Thomasson v. Thomasson*, 225 Va. 394, 397 n.1, 302 S.E.2d 63, 65 n.1 (1983). Therefore, we find no error in the trial court's exercise of this authority.

Although the wife filed a notice of appeal to the monetary award provision contained in the first decree, the husband did not. Since no timely notice of appeal was filed with respect to the decree of divorce itself we do not consider any issue concerning the correctness of the decree of divorce and only consider evidence of the grounds for divorce to the extent that it relates to the award of spousal support.

## I. *MARITAL PROPERTY*

Wife complains that the trial court erred in determining that the fifteen acre parcel of land titled in her name was marital property. The property was purchased by the wife after the marriage. She paid for it by selling stock and by obtaining a loan which was repaid from child support monies she received for two dependent children from a previous marriage.

██ In her appeal, wife claims the stock, the proceeds of which were used to buy the fifteen acre parcel, belonged to her prior to the marriage. Code § 20-107.3(A)(1)(iii) provides that "all property acquired during the marriage in exchange for or from the proceeds of sale of separate property" is separate property so long as it is maintained as separate property. Thus, the wife contends that the fifteen acre parcel purchased from the proceeds of the sale of the stock is separate property.

However, there was no evidence that the stock was acquired prior to the marriage or by gift or inheritance. The trial court found that she purchased the fifteen acre parcel for "$7,500 by selling $3,000 worth of stock and obtaining a bank loan" and that "[w]hile she testified that she brought $35,000 including some stocks into the marriage, no evidence was presented tracing those funds or stocks to this purchase." Based on the presumption that all property acquired by either spouse during the marriage is marital property, Code § 20-107.3(A)(2), and "other evidence" supporting this conclusion, the trial court concluded that the fifteen acre parcel was marital property. This conclusion is not plainly wrong and is supported by the evidence; therefore, we will not disturb it. *See Alls v. Alls*, 216 Va. 13, 14, 216 S.E.2d 16, 17 (1975).

The trial court refused to reopen the proceedings at the wife's request to hear additional evidence concerning the source of funds used to purchase the fifteen acre parcel. Since the request came six weeks after the evidentiary hearing consisting of two full days of testimony during which each party had ample opportunity to present evidence, it was within the court's discretion to refuse to take further evidence on this subject. *See Mundy v. Commonwealth*, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933); *Wilkie v. Richmond Traction Co.*, 105 Va. 290, 296, 54 S.E. 43, 45 (1906).

The wife also contends that the husband's law practice should have been considered as marital property in determining the monetary award. The trial court concluded that "there was insufficient evidence . . . to take it into consideration." The only evidence she presented on this issue was elicited from the husband on cross-examination. He testified that the value of the equipment and books he owned was less than the $13,500 he owed and that his anticipated gross income in 1983 was $73,000. We agree with the trial court that this is insufficient evidence from which the value of a business can be determined for the purposes of making a monetary award. Since "[w]ithout value, there is no basis for monetary award," *Hodges v. Hodges*, 2 Va. App. 508, 515, 347 S.E.2d 134, 138 (1986), we do not reach the issue of whether the value of a professional practice is marital property to be used in determining a monetary award.

## II. *SUPPORT*

Husband and wife had a stormy relationship during the last few years of their marriage. They were involved in several altercations, and they verbally abused one another.

Husband is a lawyer who has a successful practice as a sole practitioner. Wife worked periodically during the marriage, but she was not employed at the time of the divorce hearing. She contracted bladder cancer and was very ill for the past few years; however she apparently recovered and is capable of working.

Husband contends that his wife's conduct toward him constituted cruelty which amounted to constructive desertion; thus barring her right to spousal support. He testified that she locked him out of the house occasionally, threw his clothes outside, destroyed his personal belongings, used profanity and struck him once with a dust pan. The wife claimed that the husband stayed out late at night, was seeing another woman and physically assaulted her on several occasions. The evidence was conflicting and was resolved by the judge who concluded that the wife had not constructively deserted the husband. This finding has "the weight of a jury verdict," and we will not disturb it since it is not plainly wrong and is supported by evidence. *See Alls*, 216 Va. at 14, 216 S.E.2d at 17. Thus, the wife's right to spousal support was not barred. *Thomas v. Thomas*, 217 Va. 502, 504, 229 S.E.2d 887, 889 (1976); *Ro-*

*wand v. Rowand,* 215 Va. 344, 346, 210 S.E.2d 149, 150-51 (1974); Code § 20-107.1.

The wife asserts that if she is barred from receiving spousal support because of her conduct, then the husband's alleged adulterous conduct after their separation reimposed his obligation to pay her spousal support. Since we affirm the trial court's conclusion that the wife's conduct did not bar her right to spousal support, we need not reach this issue.

■ Husband also claims that the award of spousal support was excessive. His anticipated gross income for 1983 was approximately $73,000, and the wife, who was unemployed at the time of the hearing, had only held unskilled jobs during the marriage. Upon dissolution of the marriage her only source of income will be $622 per month from the Veteran's Administration. In determining spousal support, a trial court has broad discretion and "the appellate court will not interfere with such discretion, unless it is clear that some injustice has been done." *Oliver v. Oliver,* 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960). In this instance there was no apparent injustice in the award of spousal support, and we do not consider it excessive.

### III. *MONETARY AWARD*

■ The trial court erred in ordering the wife to convey her interest in the jointly owned marital home and office building to the husband upon his payment of the $70,000 monetary award. The trial court did not have authority to order this transfer as part of a monetary award. *Venable v. Venable,* 2 Va. App. 178, 185, 342 S.E.2d 646, 650 (1986). However, the husband argues that the court accomplished this through its authority to partition jointly owned property. We disagree.

■ The authority to partition jointly owned property included in Code § 20-107.3 serves a different purpose than the authority to grant a monetary award included in the same section of the Code. The monetary award authorization was included to accomplish "an equitable apportionment of the marital property," *Report of the Joint Subcommittee Studying Section 20-107 of the Code of Virginia to the Governor and the General Assembly of Virginia,* House Doc. No. 21, at 7 (1982); the partition authorization was included "[t]o avoid numerous suits . . . ." *Id.* at 8.

■ Also the method of accomplishing partition differs from the method of arriving at a monetary award. The amount of a monetary award is determined after considering eleven specific factors, Code § 20-107.3(E), and is based on the "equities and the rights and interests of each party in the marital property." Code § 20-107.3(D). On the other hand, partition, an entirely statutory procedure, *Phillips v. Wells*, 147 Va. 1030, 1042, 133 S.E. 581, 585 (1926), is governed by Code § 8.01-81 *et seq.* since no directions for its implementation are contained in Code § 20-107.3.

■ Even more significantly, Code § 20-107.3 does not affect the legal interest each owner has in jointly owned property. Property owned jointly by both parties to a marriage is marital property, Code § 20-107.3(A)(2)(i), and for the purposes of determining a monetary award both parties to a marriage are deemed to have certain rights and interests in marital property. Code § 20-107.3(B). However, these rights and interests do "not attach to the legal title of such property and are only to be used as a consideration in determining a monetary award . . . ." Code § 20-107.3(B).

■ Since Code § 20-107.3 does not alter the legal interest an owner has in jointly owned property, partition permitted under Code § 20-107.3 is no different than that permitted prior to the adoption of Code § 20-107.3, except that it may now be done as a part of the divorce proceeding rather than as a separate proceeding. Thus, the property may be allotted, partitioned in kind, sold, or sold in part and the remainder divided among the owners. Code § 8.01-83; *Price v. Simpson*, 182 Va. 530, 535, 29 S.E.2d 394, 396 (1944). The partitioned property or its proceeds must be divided in a manner that will insure that each owner receives the amount of money or property to which his interest in the property entitles him. Code § 8.01-83; *see also Martin v. Martin*, 112 Va. 731, 734, 72 S.E. 680, 682 (1911). However, the value of this property still remains a consideration in determining the amount of a monetary award. *See* Code § 20-107.3(B).

For these reasons we conclude that the trial judge erred in conditioning the wife's monetary award on her conveying her interest in the jointly owned home to the husband. He had authority to make a monetary award as well as authority to partition the jointly owned property, but he had no authority to condition one on the other.

## IV. *CONCLUSION*

Since we must vacate the trial court's order requiring the wife to convey her jointly owned property to the husband, we must also vacate its determination of the monetary award and spousal support. Determination of the monetary award necessarily involves a consideration of the interest that each of the parties has in the marital property. Code § 20-107.3(D); *Rexrode v. Rexrode*, 1 Va. App. 385, 394, 339 S.E.2d 544, 550 (1986). Similarly, in determining spousal support the trial court must consider provisions made regarding marital property. Code § 20-107.1(8); *see McGinnis v. McGinnis*, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985). Thus, upon remand the trial court should (1) determine the amount of any monetary award, (2) partition jointly owned property if requested by any party, and (3) determine the amount of spousal support.

*Reversed and remanded.*

Hodges, J., concurred.

Baker, J., dissenting.

Insofar as the opinion of the majority holds that the trial court was empowered to enter an order relating to equitable distribution more than one year after it entered a final decree of divorce dissolving the bonds of matrimony between the parties, I respectfully dissent. The decree dissolving the bonds of matrimony was entered on April 3, 1984, and became final and binding twenty-one days thereafter. Rule 1:1. The decree of equitable distribution was entered on April 15, 1985, more than one year after the final decree of divorce. The view expressed and authorities cited in the dissent in *Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 152 (1985) are applicable here.

Prior to the 1986 session of the Virginia General Assembly, no section of the Code dealing with awards of equitable distribution modified the express language of Rule 1:1. In 1986, Code § 20-107.3(A) was amended by adding the following language:

The court, on the motion of both parties, may retain *jurisdiction* in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such

action in (sic) clearly necessary because of the complexities of the parties' property interests, and all decrees heretofore entered retaining such *jurisdiction* are validated. (emphasis added).

It is clear from this amendment that the legislature never intended that the parties be permitted to bestow equitable distribution jurisdiction on the trial courts beyond the twenty-one days provided in Rule 1:1. Even after the 1986 amendment, the trial court may extend the time in which it must act only after a motion by both parties and a showing that the issues are complex.

The jurisdictional issue is resolved by the majority by reference to the *Parra* decision. For the reasons expressed in my dissent in that case, I believe that the trial court lacked jurisdiction to make the equitable distribution award in this case.

While nothing in the majority opinion suggests that the majority relies on the 1986 amendment to Code § 20-107(A), I also see no reason for the decision to have been delayed "because of the complexities" of the issues. While I do not suggest that it would have been a correct ruling, alternatively, the majority could have held that while the record did not disclose such complexities, the phrase "all decrees heretofore entered retaining such jurisdiction are validated" applies to any decree heretofore entered without regard to the complexity of the issues presented. There is reason to believe that a large number of equitable distribution awards were made at a time when the trial courts were without jurisdiction to enter them. Whether the General Assembly has the power to retroactively "validate" those decisions is a question that must be decided by this court.

I also dissent from that portion of the majority opinion which addresses the constructive desertion issue. If husband had a right to appeal the issue whether wife was guilty of constructive desertion that right arose on April 3, 1984, the day the decree of divorce was entered. To have appealed that issue to this court he was required by our rules to note his appeal within thirty days after the entry of the decree. His failure to note his appeal on that issue until after the entry of the decree awarding equitable distribution was at least one year too late, and yet the majority addresses the issue as it relates to issues of spousal support. While the majority purports to address the constructive desertion issue

only "to the extent that it relates to the award of spousal support," it nevertheless proceeds to consider the merits of the trial court's ruling on the issue. By indirection, the majority allows husband to argue on appeal an issue as to which no timely notice of appeal was filed. While it may be true that the trial judge may delay his opinion as to how much, if any, spousal support wife is entitled to receive, he may not delay beyond the time limit of Rule 1:1 deciding the issue whether she is eligible to receive such support. For this reason, I believe that this court is without jurisdiction to decide the constructive desertion issue.

For these reasons, I respectfully dissent from the opinion expressed by the majority.