**CIRCUIT COURT OF FAIRFAX COUNTY**

Howard Nathanson

v.

Janet Geffner et al.

March 14, 1988

Case No. (Chancery) 103255

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court to consider Defendant's exceptions to the preliminary report of the Commissioner in Chancery. The Commissioner, John J. Karcha, Esq., had advised both parties that a stipulation made during a prior hearing on equitable distribution was not binding on him for the purposes of a suit for partition. The Defendant argues that the stipulation is binding upon the parties in all proceedings and that as a matter of law the date of valuation of the real property is the same date as the equitable distribution hearing unless the Court finds that the circumstances dictate otherwise. The Court disagrees.

Howard Nathanson and Janet (Nathanson) Geffner were granted a divorce *a vinculo matrimonii* on December 27, 1985 (Chancery No. 89694). At the April 3, 1986, hearing on equitable distribution the parties stipulated that the current appraised value of the house was $180,000. This stipulation was entered into and utilized for the purpose of determining a monetary award based on the parties' equity in the martial home.

Mr. Nathanson has since appealed the award of $15,000 to the Court of Appeals. On August 19, 1987, Mr. Nathanson filed this action to partition the former marital residence.

The method of partitioning property in a divorce proceeding differs from the method of determining a monetary

award for equitable distribution purposes. *Morris v. Morris*, 3 Va. App. 303, 310 (1986). The amount of a monetary award is determined after considering the specific factors of Va. Code § 20-107.3 and is based on the "equities and rights and interests of each party in the marital property," whereas partition is an entirely statutory procedure governed by § 8.01-81, *et seq.* since no directions for its implementation are contained in § 20-107.3. *Morris* at 310. The stipulation made in the prior divorce action was made solely for the purposes of determining a monetary award in equitable distribution pursuant to Va. Code Section 20-107.3 and not for partition governed by Section 8.01-81.

In a suit for partition, the property or proceeds must be divided in a manner that will assure that each owner receives the amount of money or property to which his interest entitles him. Va. Code § 8.01-83. Since Mr. Nathanson still has an interest in the marital residence, the amount to which he is entitled will be determined at the time of the sale or valuation by the Commissioner.

Thus, the stipulation entered into for purposes of the equitable distribution award is not binding on the Commissioner in the pending partition. The current equity, as determined by the Commissioner, will be equally divided upon sale or Mrs. Geffner may remain in the residence and purchase the equity of Mr. Nathanson. Mrs. Geffner will receive credit for the improvements made to the property in the interim since the time of her sole occupation.