COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ROBERT GORDON DARDEN

                                          MEMORANDUM OPINION*
v.    Record No. 1274-98-1                    PER CURIAM
                                          JANUARY 26, 1999
CYNTHIA LYNN DARDEN


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Charles E. Poston, Judge

          (Winston G. Snider, on brief), for appellant.

          No brief for appellee.


     Robert Gordon Darden (husband) appeals the decision of the

circuit court granting the exception of Cynthia Lynn Darden

(wife) to the report of the commissioner in chancery.  The

circuit court found that husband failed to present sufficient

evidence supporting his equitable distribution claim.  Husband

contends that the trial court erred by failing to (1) enter an

equitable distribution ruling, and (2) grant his motion to

re-refer the matter to the commissioner for an additional

evidentiary hearing.  Upon reviewing the record and opening

brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 See Rule 5A:27.

          The evidence was heard by a commissioner in chancery.
              While the report of a commissioner in
              chancery does not carry the weight of a
              jury's verdict, it should be sustained unless

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report.

Hill v. Hill, 227 Va. 569, 576–77, 318 S.E.2d 292, 296 (1984) (citations omitted). "[D]ue regard [must be given] to the commissioner's ability . . . to see, hear, and evaluate the witness at first hand." Id. at 577, 318 S.E.2d at 297.

### Equitable Distribution Claim

Husband contends that the trial court erred when it failed to enter an equitable distribution decree. We disagree.

Virginia's statute "mandates" that trial courts determine the ownership and value of all real and personal property of the parties. But, consistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty. When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question.

Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (citation omitted).

Husband presented no documentary evidence supporting his equitable distribution claim. He opined that the marital residence, which was titled solely in wife's name, was worth $85,000, but failed to provide any supporting documentation or to demonstrate that he had some basis for his opinion. He testified that $50,000 was owed on the house, but admitted that his opinion was based

> [j]ust from what I have seen going on through
> here.  I think the last time we -- it has
> been brought up in here somewhere right
> around that figure.

Husband admitted that he did not know the value of certain unspecified tools purportedly in wife's possession.

The commissioner found that husband's unsubstantiated testimony was insufficient evidence to support his claim.  The commissioner recommended no decision.  The circuit court accepted the commissioner's credibility determination.  However, because the issue of equitable distribution was raised but not proven by husband, the court found that husband's claim was defeated.  We find no error in the circuit court's decision denying husband's equitable distribution claim.

### Additional Hearing

"The granting or denying of a motion to hear additional evidence is within the sound discretion of the trial court." Rowe v. Rowe, 24 Va. App. 123, 144, 480 S.E.2d 760, 770 (1997) (citing Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)).  The record indicates that the parties held three hearings before the commissioner.  Husband failed to present sufficient credible evidence supporting his claim.  He did not allege any underlying reasons justifying his failure to do so. We find no abuse of discretion in the trial court's denial of husband's request for an additional opportunity to present evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.
