COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Humphreys and Senior Judge Coleman
Argued at Richmond, Virginia


ANTONIO GIAMBANCO

                                        MEMORANDUM OPINION* BY
v.    Record Nos. 1269-00-2 and    JUDGE ROSEMARIE ANNUNZIATA
                   2004-00-2                JUNE 12, 2001

TAMARA JO GIAMBANCO


               FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        Gary A. Hicks, Judge

          Murray J. Janus (David E. Haynes; Bremner,
          Janus, Cook & Marcus, on brief), for
          appellant.

          No brief or argument for appellee.


     The appellant, Antonio Giambanco, appeals from an order

entered by the Henrico County Circuit Court:  (1) denying his

motion to reduce child support; (2) granting appellee's, Tamara

Jo Giambanco's, motion to amend child support; (3) increasing

his child support obligation to $1,066 per month, retroactive

from May 26, 1999 to February 2000; (4) increasing his child

support obligation to $1,394 per month effective March 1, 2000;

and (5) granting Tamara's motion for attorney's fees and costs

and awarding her $4,732.50.  Antonio also appeals from an order

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of the same court denying his motion to reconsider the above issues.  For the following reasons, we affirm.

I.

BACKGROUND

Antonio and Tamara Jo Giambanco were married on September 4, 1990.  They were divorced by a final decree entered by the Henrico County Circuit Court on May 26, 1999.  They have one child, Francesco David Giambanco, born April 13, 1995.

An equitable distribution order divided the parties' property, which included, among other items, a pizza business and a rental home.  The court valued the pizza business at $105,000.  Antonio was to receive two-thirds of that value, and Tamara was to receive one-third, or $35,000.  The court valued the rental property at $50,000 and ordered each party to receive half the value of that property.  Antonio's child support obligation for Francesco was initially set at $1,000 per month but was to be recalculated when more financial information was available, including Antonio's 1998 tax returns.

Following the divorce, Antonio sold the pizza business and the rental property and paid Tamara for her portion of the properties.  Following the sale of the pizza business to his brother, Massimiliano, Antonio worked for his brother at the same business, earning $450 per week.

Antonio filed a motion to reduce child support, and Tamara filed a motion to increase it.  Both motions were heard on

-

February 14, 2000.  Following the hearing, the court denied Antonio's motion to decrease child support and granted Tamara's motion, increasing Antonio's monthly child support obligation from $1,000 to $1,066 per month retroactive to May 26, 1999 through February 2000, and increasing his monthly child support obligation to $1,394 per month effective March 1, 2000.  The court also awarded Tamara $4,732.50 in attorney's fees and costs.

II.

ANALYSIS

A.

Capital Gains

Antonio contends the trial court erred in including the capital gains he realized as a result of the sale of the business and rental property as income in determining his child support obligation.[1]  He argues that, because the gains were "extraordinary" and "irregular," the court abused its discretion in not deviating from the guideline amount.  However, the fact that the gains were "one-time" and "not a recurring event" is not, in itself, a basis for requiring the court to deviate from the presumptive amount.

---

[1] Antonio also contends the court erred in including $22,500 he realized in capital gain upon the sale of the marital home. However, the record shows the court did not consider this gain in calculating Antonio's gross income.

-

Decisions regarding child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence. Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986). Code § 20-108.1(B) permits the court to consider "[e]xtraordinary capital gains such as capital gains from the sale of the marital abode" in determining whether to deviate from the guideline amount in awarding child support. Code § 20-108.1(B) (listing factors the court may consider in deviating); see Goldhamer v. Cohen, 31 Va. App. 728, 737-38, 525 S.E.2d 599, 603-04 (2000); Smith v. Smith, 18 Va. App. 427, 434-35, 444 S.E.2d 269, 274-75 (1994); see also Howe v. Howe, 30 Va. App. 207, 216, 516 S.E.2d 240, 245 (1999) (father may seek modification in support if and when his income no longer includes such irregular income).

We find the record does not support Antonio's contention that because the capital gains were irregular, the court abused its discretion in not deviating from the guideline amount.[2]

---

[2] Antonio also contends the court may not include capital gains derived from the sale of property that was the subject of an equitable distribution award in the gross income calculation. However, because he failed to raise the issue at the trial level or to cite any authority for this proposition on appeal, we will not address whether pre-property-division appreciation of an asset constitutes a "capital gain" to be included in the gross income calculation under Code § 20-108.2(C). Rule 5A:18; Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.").

-

B.

## Other Calculation Errors

### 1.   Child's Medical Insurance

Antonio claims the court erred in deducting $100, rather than $122, for medical insurance payments that Antonio made for Francesco.  However, Antonio introduced no evidence to show that he paid $122 for medical insurance for Francesco.  We, therefore, affirm the trial court's determination on this issue.

### 2.   1998 Income, Spousal Support and Rental Income

Antonio contends Tamara introduced inaccurate information concerning his income at the child support hearing, based on her miscalculation of his 1998 income.  He also claims the trial court erred in not including spousal support and rental income allegedly received by Tamara in calculating her monthly income. However, at the child support hearing, Antonio failed to refute Tamara's calculation of his income and failed to introduce evidence concerning the spousal support and rental income he claims she received.

Moreover, he failed to raise these issues at the hearing, raising them for the first time at the hearing on his motion to reconsider.  In denying Antonio's motion to introduce evidence in support of his new contentions at the hearing on his motion to reconsider, the trial court concluded that Antonio had ample opportunity at the initial hearing on the child support modification to introduce evidence regarding his 1998 income,

-

the spousal support and the rental income.  We find the trial court did not abuse its discretion in refusing to hear such evidence.  See Mundy v. Commonwealth, 161 Va. 1049, 1064, 171 S.E. 691, 696 (1933) (it is within the trial court's discretion whether to hear more evidence "[w]hen all the testimony in the trial of a case has been concluded and the witnesses for the respective parties have been excused from their attendance upon court"); Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986) (where a party has had ample opportunity to present evidence, it is within the court's discretion whether to take further evidence after the evidentiary hearing has concluded).

## C.

### Motion to Reconsider

For the reasons set forth previously, we affirm the trial court's denial of Antonio's motion to reconsider.

## D.

### Attorney's Fees and Costs

Antonio contends the trial court erred in awarding attorney's fees and costs to Tamara because she first presented evidence on the issue at the hearing on Antonio's motion to reconsider.  We disagree and affirm the award.

Antonio filed a motion to decrease his child support obligation in August 1999.  In November 1999, Tamara filed a motion to deny Antonio's motion to decrease support and in her motion she asked for attorney's fees and costs.  She requested

-

attorney's fees and costs again in her motion to increase child support, dated January 28, 2000.  On February 14, 2000, the court heard evidence on the parties' motions to modify the support award.  However, Tamara did not introduce evidence regarding her attorney's fees and costs at that hearing.  The court denied Antonio's motion to decrease support and granted Tamara's motion to increase support, but did not rule on her request for attorney's fees and costs.

On February 17, 2000, Antonio filed a motion to reconsider. Tamara filed a response on February 22, 2000, asking the court to deny Antonio's motion and again asked for attorney's fees and costs.  On April 16, 2000, Tamara filed a separate motion for the award of attorney's fees and costs and on April 28, 2000, she filed an affidavit detailing the fees and costs she had incurred from the motions to modify child support and the motion to reconsider.[3]

---

[3] Tamara's affidavit listed the following:

| | | |
|---|---|---|
| Attorney's Fees (through 2/15/00) | | $8,476.04 |
| Attorney's Fees (2/17/00 thru 2/25/00) | | $ 632.50 |
| RECONSIDERATION ISSUE | | |
| Estimated Attorney's Fees (for 2/28/00) | | $ 187.50 |
| Costs | | $4,803.18 |
| Clerk | $ 55.00 | |
| Service | $ 210.00 | |
| Court Reporter | $ 644.66 (Transcript & 2 | |
| | Appearance Fees) | |
| Delivery | $ 93.50 | |
| Document Fee | $ 11.27 | |
| Expert Witness | $3,788.75 | |
| | SEE ABOVE | |
| GRAND TOTAL | $14,099.22. | |

-

The court heard Antonio's motion to reconsider on April 28, 2000, and allowed Tamara to introduce evidence regarding her attorney's fees and costs at that time. Although Tamara requested attorney's fees and costs in the amount of $14,099.22, the court awarded her $4,732.50, $3,788.75 of which was for costs she incurred in expert witness fees stemming from the February hearing on the motions to modify support. The award also included reimbursement for attorney's fees and costs arising from the April hearing on Antonio's motion to reconsider.[4]

It was within the court's discretion to allow her to present evidence for the first time at the hearing on the motion to reconsider, and we find no abuse of such discretion. See Mundy, 161 Va. at 1064, 171 S.E. at 696; Morris, 3 Va. App. at 307, 349 S.E.2d at 663. Although Tamara did not introduce evidence regarding her attorney's fees and costs at the February hearing, she had requested fees and costs prior to that date. In addition, prior to the April hearing on Antonio's motion to reconsider, she gave Antonio notice that she intended to seek an award of attorney's fees and costs stemming from the motions to modify support and from the upcoming hearing on the motion to

---

[4] In the circuit court's order dated July 20, 2000, in which the court denied Antonio's motion to reconsider, the court ordered that Tamara "is hereby granted an award of attorney's fees in the amount of $632.50 and $100.00 for the April 28th hearing and $4,000.00 for court costs and expert witness fees."

-

reconsider, and she filed an affidavit in support of her request setting out the extent of the award she sought.

Antonio also contends the award was excessive. The award of attorney's fees is within the trial court's discretion, and we will not reverse an award absent an abuse of discretion. Ragsdale v. Ragsdale, 30 Va. App. 283, 297, 516 S.E.2d 698, 704-05 (1999). We find the court did not abuse its discretion in deciding to award attorney's fees and costs to Tamara and in determining an appropriate amount; therefore, we affirm the award.

In sum, we find the court did not abuse its discretion in modifying the child support award or in awarding attorney's fees and costs to Tamara. Accordingly, we affirm the trial court's orders.

Affirmed.

-