## C. Meredith Richardson, et al.

## v.

## Nora Richardson, Administratrix of the Estate of David Wingfield Richardson, and Individually

Record No. 901669

September 20, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell,* Whiting, Lacy, and Hassell, JJ.

---

* Justice Russell participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1991.

*Milton Paul Miller* for appellants.
*Ivy P. Blue, Jr.* for appellee.

JUSTICE LACY delivered the opinion of the Court.

The primary issue we decide in this appeal is whether there was sufficient evidence to support the trial court's imposition of a constructive trust upon real property.

Nora and David Richardson were married in 1967 and had a "stormy" relationship throughout their marriage. In 1972, David's mother, Mayme H. Richardson, conveyed a six and one-half acre tract of land to David as a gift. David and Nora placed a trailer on the land and moved into it with their two children.

In 1977, David filed for divorce, and he reconveyed the tract to Mayme to keep the land from being subject to Nora's claims. David did not tell Nora of the reconveyance. Mayme, fearing that Nora would file suit against her to establish an interest in the land, conveyed the tract to C. Meredith Richardson, her son and

David's brother. Nora learned of David's conveyance to Mayme when she was denied a loan in 1986 on the basis that David did not hold title to the tract.

Nora and David did not divorce, and continued to live together on the land in question, still titled in Meredith's name. David became ill and died intestate in February 1989. Nora qualified as administratrix of David's estate and filed a bill of complaint against Mayme and Meredith seeking, *inter alia*, to "enjoin and restrain the defendants from retaining title to the matrimonial domicile of the deceased and the plaintiff."

At trial, Nora testified that, even after David had conveyed the tract, he consistently said that it was his land "any time he wanted" it. She stated that when she expressed her unhappiness to Mayme about David's conveyance of the tract, Mayme replied that "[i]t was David's land any time." Nora also testified that, shortly before his death, David decided to have Meredith reconvey the tract, to be titled in his and Nora's names, and that he instructed Nora to have a deed prepared to that effect.

The Richardsons' adult son and daughter confirmed Nora's testimony. The son testified that his father had stated to him on numerous occasions that it was "just a matter of deeding the land back to him" and that "he and [Nora] were okay now, and they wanted the land." The daughter also testified that her father told her mother to have a deed prepared "to have the land transferred back into his and [Nora's] name."

Mayme testified that she had never agreed to hold the tract for anyone, and she denied saying that the tract was David's anytime he wanted it. She stated that she would have reconveyed the land to David "under certain circumstances," such as "if Nora ever kicked him out." Meredith testified that he, like Mayme, had not agreed to hold the tract for anyone or subject to any conditions. Meredith said that David told him he did not want the tract ever to be deeded back to Nora. Meredith also stated that David had indicated that the deed transferring title to Nora and David was Nora's idea, that David had no intention of signing it, and that David had instructed Meredith never to sign it.

The trial court, noting that the testimony of the children was "especially credible," imposed a constructive trust on the tract in favor of Nora. The court reasoned that, although Meredith did not fraudulently acquire title to the tract, the evidence clearly and convincingly showed that Meredith would be unjustly enriched if

he was permitted to retain title to the land. We awarded Mayme and Meredith an appeal.

On appeal, Mayme and Meredith argue that the evidence falls short of establishing a constructive trust with the requisite clear and convincing proof in two respects: 1) evidence of the intention of the parties to create a constructive trust; and 2) the showing of unjust enrichment.[1] Initially, Mayme and Meredith assert that David clearly expressed his desire to them that Nora have no interest in the real property. Mayme and Meredith contend that there was no evidence showing that either of them took title with the understanding or agreement that it would be reconveyed to David or to Nora. This argument, while relevant to a resulting trust, ignores the principles underlying the creation of a constructive trust.[2]

We have said:

Constructive trusts arise, *independently of the intention* of the parties, *by construction of law*; being *fastened upon the conscience* of him who has the legal estate, in order to prevent what otherwise *would be a fraud*. They occur not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit.

*Leonard* v. *Counts*, 221 Va. 582, 589, 272 S.E.2d 190, 195 (1980) (quoting 1 *Minor on Real Property* § 462 at 616 (2d ed. Ribble 1928)). (Emphasis in original.) A constructive trust may be proved by parol evidence, provided the evidence is clear and convincing. *Leonard*, 221 Va. at 589, 272 S.E.2d at 195; *Sutton* v. *Sutton*, 194 Va. 179, 185, 72 S.E.2d 275, 278 (1952).

Constructive trusts are imposed by courts of equity whenever necessary to prevent a failure of justice. *Patterson* v. *Patter-*

---

[1] Mayme and Meredith do not contest Nora's dower interest in the tract.

[2] The distinction between resulting and constructive trusts is difficult to determine, and the same remedial principles apply to both. *Leonard* v. *Counts*, 221 Va. 582, 589, 272 S.E.2d 190, 195 (1980); *Porter* v. *Shaffer*, 147 Va. 921, 928-29, 133 S.E. 614, 616 (1926). A resulting trust arises when one person pays for property, or assumes payment of all or a portion of the purchase money, but has title conveyed to another without mention of a trust in the conveyance. *Gifford* v. *Dennis*, 230 Va. 193, 198, 335 S.E.2d 371, 374 (1985); *Leonard*, 221 Va. at 588, 272 S.E.2d at 194. A resulting trust theory was neither argued to the trial court nor was it a basis for its holding.

*son*, 144 Va. 113, 123, 131 S.E. 217, 220 (1926). Our inquiry is focused on whether, viewing the record in the light most favorable to Nora, the chancellor's imposition of a constructive trust was based on clear and convincing evidence that Meredith would be unjustly enriched if he was permitted to retain the property. David's, Mayme's, and Meredith's intentions regarding the ownership of the land have no bearing on the imposition of a constructive trust, except to the extent that those intentions have probative value regarding the issue of unjust enrichment.

Next, Mayme and Meredith argue that the evidentiary standard was not met because Nora and her children were interested witnesses and, even if their testimony does have probative value, Meredith's uncontradicted testimony was equally as compelling and of the same probative value. This rationale improperly construes the role of a reviewing court. In this case, the chancellor was confronted with conflicting testimony from interested witnesses on each side of the case, and it was his province alone, as the finder of fact, to assess the credibility of the witnesses and the probative value to be given their testimony. *Smith* v. *Pippin*, 188 Va. 869, 876, 51 S.E.2d 159, 162 (1949). We treat the factual determinations of a chancellor based on *ore tenus* evidence in the same manner as factual determinations made by a jury; we reverse them only if they are plainly wrong or without evidence to support them. *Carter* v. *Carter*, 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982); *Barnes* v. *Craig*, 202 Va. 229, 234-35, 117 S.E.2d 63, 67 (1960).

Finally, Mayme and Meredith argue that Meredith will not be unjustly enriched by retaining the tract, nor will Nora be unjustly deprived of it. They assert that the tract was David's to convey as he wished, and that Mayme and Meredith took title to the property free from any extraneous agreements, understandings, or conditions. They also contend that Meredith had "every right to expect to receive some portion of his mother's real estate either during her lifetime or upon her death," while Nora had only a hope or expectation that she would inherit the tract upon David's death. This argument, perhaps persuasive standing on its own, fails to consider the evidence in the light most favorable to Nora.

It is undisputed that David's reconveyance of the tract to Mayme was without consideration and in an effort to keep the property from Nora's claims in an impending divorce proceeding. It is likewise undisputed that Meredith took title from Mayme

without consideration in an effort to protect her from involvement in litigation. This evidence, when combined with David's statements that the tract was his "any time he wanted" it, and his instructions to Nora to have a deed prepared in both of their names, provides substantial support for the conclusion that Mayme and Meredith were not the beneficial owners of the property, and that any disposition of it by them would have been subject to David's wishes.

■ Further, despite their previously volatile relationship, Nora testified that she and David had a stable relationship which she described as "great" in the two years before David's death. Nora also has cared for Mayme throughout their relationship, driving Mayme on numerous trips to visit another of her sons in the hospital, and taking her on a variety of personal errands. In fact, Mayme admitted that, "[t]hrough all of this, [Nora] has been a responsive daughter-in-law." Finally, Nora lives on the tract and has done so since 1972. We believe that these circumstances provide ample evidence that Meredith would be unjustly enriched, and Nora unjustly deprived, if Meredith were permitted to retain title to the land. Therefore, we hold that the trial court did not err in imposing a constructive trust on the tract in favor of Nora.

■ Nora assigns cross-error to the trial court's refusal to award her monetary damages based on Meredith's alleged debts to David's estate.[3] The court struck Nora's evidence on the damages claim, finding "there is absolutely no showing of any monetary damage in this case."

However, the record contains sufficient evidence from which the court could have found that Nora was not entitled to monetary damages. Therefore, any error in striking Nora's evidence on this claim was harmless.

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

---

[3] Nora also assigns cross-error to the trial court's failure to award her attorney's fees pursuant to Code § 8.01-271.1. We will not consider this assignment because Nora neither pleaded recovery under the statute nor preserved the issue for appeal. Rule 5:25.