UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia

MICHAEL DAVID SMAIL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0020-23-4            JUDGE KIMBERLEY SLAYTON WHITE
                                                              MAY 14, 2024
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Petula C. Metzler, Judge

Daniel Cohen, Assistant Public Defender II, for appellant.

Collin C. Crookenden, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The Circuit Court of Prince William County convicted Michael Smail on three separate

counts of failure to appear in court for his probation violation under Code § 18.2-456(A)(6).  On

each charge, Smail was sentenced to ten days in jail, with ten days suspended.  On appeal, Smail

contests his convictions on the grounds that the trial court erred because the trial court took no plea,

received no evidence, and convicted Mr. Smail during a revocation proceeding.  Ruling on the best

and narrowest grounds, we reverse Smail's convictions for lack of evidence of his notice of the

September 16, 2022 hearing date.

                                    BACKGROUND

Michael Smail was convicted under Code § 18.2-456(A)(6) on three separate counts of

failure to appear in court for his probation violation, one for each of the charges that were before the

court on the alleged probation violation.  Smail was sentenced to ten days in jail with ten days

_____

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

suspended on each charge. Smail's underlying felony offenses were statutory burglary, grand larceny, and grand larceny of a firearm.

Smail's failures to appear in court started with him not appearing for a hearing on July 15, 2022. The trial court issued a show cause for failing to appear and ordered him to return to court on September 16, 2022. Smail again was not present for the September 16, 2022 hearing. The trial court dismissed the show cause that had been issued for the failure to appear on July 15 for "several errors in it" and issued a capias for failing to appear before the trial court on September 16, 2022. Smail was arraigned on his capias for contempt on November 14, 2022, and the charges for failure to appear along with the revocation proceedings were set for December 1, 2022.

During the December contempt trial, Smail argued that there was no return on the show cause that ordered Smail to return to court on September 16 and no evidence that Smail ever knew he had to be present. Smail argued that it was the Commonwealth's burden to put on some evidence that Smail had notice, and the Commonwealth failed to do so.[1]

In the previous hearings, the trial court noted that Smail was not present in court on July 15 (when the September 16 hearing was set) nor on September 16. However, at the December trial, the trial court found that Smail was in court each time the case had been continued to know what the next date was. The trial court concluded that Smail had notice of the September 16 court date and that his failure to appear was willful.

On appeal, Smail argues that the trial court erred in convicting Smail because the trial court took no plea, received no evidence, including no evidence that Smail had notice to appear, and

---

[1] Smail also argued that case law analyzing Code § 19.2-128 should be applied to the contempt charge before the court and that doing so would necessitate a dismissal of the charge. We do not address this argument. Deciding the case on the best and narrowest grounds is a doctrine of judicial restraint an appellate court must follow. *Commonwealth v. White*, 293 Va. 411, 419 (2017). Our analysis of the notice issue constitutes the best and narrowest grounds.

convicted Smail during a revocation proceeding, which is not permitted under Code § 18.2-456(A)(6).

## ANALYSIS

This Court reviews adjudications of contempt for abuse of discretion. *Barnhill v. Brooks*, 15 Va. App. 696, 704 (1993). "A trial court has the authority to hold an offending party in contempt for acting in bad faith or for willful disobedience of its order." *Alexander v. Alexander*, 12 Va. App. 691, 696 (1991). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). A trial court's findings of fact are binding on an appellate court and will be reversed "only if they are plainly wrong or without evidence to support them." *Mercer v. Commonwealth*, 259 Va. 235, 243 (2000) (quoting *Richardson v. Richardson*, 242 Va. 242, 246 (1991).

The elements of failing to appear are (1) willfully or intentionally (2) failing to appear in court (3) after receiving notice of the court date. Code § 18.2-456. Actual notice is the necessary fact to have evidence of to find Smail's failure to appear as willful. *See Thomas v. Commonwealth*, 48 Va. App. 605, 606 (2018) (where, under the particular facts of *Thomas*, the appellant could not have been convicted without proof of timely notice to support an inferential finding of willfulness). Notice is relevant to establish prima facie evidence that a failure to appear was willful. *Hunter v. Commonwealth*, 15 Va. App. 717, 721 (1993). This Court has held that sufficient evidence of actual notice includes evidence that appellant and appellant's counsel were both present in court on the scheduled date to have been told when the case was continued, handwritten notes of the continued date on appellant's arrest warrants, and attorneys

and their staff communicating continued dates to their clients. *See Chavez v. Commonwealth*, 69 Va. App. 149, 165 (2018); *Hunter*, 15 Va. App. at 722.

Determinations of actual notice are fact specific. There is insufficient evidence in this record to show Smail had notice of his September 16 court date. Here, the important "particular facts" include that the trial court's show cause for failing to appear was dismissed by the trial court for several errors. The record does not detail the errors. Furthermore, there was no return of service on the show cause. Given that the Commonwealth did not call witnesses or prove anything regarding notice of the September 16 date, we are left with analyzing the effect of the dismissed show cause, which is that Smail did not receive actual notice through it. These facts amount to proof that there was no evidence of timely notice in the record for the trial court to have made such a finding.

We cannot hold as we did in *Hunter* that Smail was on notice of all sequential court dates. In *Hunter,* the Commonwealth introduced evidence of signed bail bond paperwork stating that he was "to appear for trial . . . and at all times and places . . . to which the case may be rescheduled or continued," and evidence of Hunter's attorney's secretary telling Hunter of his court dates. 15 Va. App. at 720, 722. Here, the Commonwealth did not put on any evidence, much less any evidence that is similar to that of *Hunter*. We cannot hold, as we did in *Chavez*, that Smail had notice by being at the hearing where the September 16 date was announced because Smail was not actually before the court when the case was continued from July 15 to September 16, as the Commonwealth argues. 69 Va. App. at 165. Without a factually supported finding by the trial court of timely notice and without stand alone evidence, the burden of establishing that element was not met to convict Smail of willful failure to appear.

## CONCLUSION

For the reasons stated above, we reverse the rulings of the trial court and the three convictions of Smail for failing to appear.

*Reversed.*